Brian S. Miller, UNITED STATES DISTRICT JUDGE
Defendant Hennessy Industries, LLC's ("Hennessy") motion for summary judgment [Doc. No. 232] is granted, and Hennessy is dismissed.
*801 Ronald Thomas worked as a brake mechanic and manager at auto repair shops for approximately twelve years. Thomas Dep. 8:9-25, 17:13-21, Doc. No. 243-1. In March 2017, he was diagnosed with mesothelioma and died from that disease later that year. Second Amended Compl. ¶ 7, Doc. No. 173; Thomas Dep. 6:12-17. His estate brings products liability claims against multiple defendants for negligence and strict liability, alleging that exposure to asbestos in brake pads caused Thomas's mesothelioma. Id. ¶¶ 26-67.
When performing a brake job, Thomas used an arc grinder to shape new brake pads, which released clouds of brake dust. Id. ¶ 6; Thomas Dep. 19:3-6. Throughout Thomas's career, some brake pads were made with asbestos, and the dust released from these brakes contained asbestos fibers. See Mountz Affidavit ¶¶ 15-20, Doc. No. 214-5. For some brake jobs, Thomas used a grinder made by Ammco Tools, Inc. ("Ammco"). Thomas Dep. 18:18-22. The Ammco grinder did not contain asbestos. Hennessy's Statement of Fact ¶ 17, Doc. No. 214-1. Hennessy is Ammco's successor in interest. Hennessy Br. at 1, Doc. No. 214.
Hennessy moves for summary judgment on the grounds that its brake grinder did not contain asbestos and is therefore not subject to strict products liability or negligence claims for releasing asbestos fibers into the air.
Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a) ; Anderson v. Liberty Lobby Inc. , 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To succeed on his claims against Hennessy, Thomas must show an Ammco product caused his injury. See Chavers v. Gen. Motors Corp. , 349 Ark. 550, 79 S.W.3d 361, 369 (2002).
Thomas has produced no evidence that a Hennessy product caused his injuries. See Bell v. Arvin Meritor, Inc. , E.D. PA Civil Action No. 2:12-60143-ER, 2013 WL 9796526, at *1 n.1 (E.D.Pa. Oct. 24, 2013) (applying California law) ; see also Bell v. Arvin Meritor, Inc. , E.D. PA Civil Action No. 2:12-60143-ER, 2013 WL 5548832 at *1 n.1 (E.D. Pa. Oct. 4, 2013) ("[A]s a matter of law, Defendant Bear cannot be liable (in negligence or strict liability) for harm arising from asbestos in brakes that it did not manufacture-even if it was foreseeable that its grinding machines would be used with asbestos-containing brakes in a manner that could lead to an asbestos-related injury."). But see Sherman v. Hennessy Indus., Inc. , 237 Cal.App.4th 1133, 188 Cal.Rptr.3d 769, 781 (2015) ; Shields v. Hennessy Indus., Inc. , 205 Cal.App.4th 782, 140 Cal.Rptr.3d 268, 280 (2012).
Arkansas's products liability statute defines "defective condition" as "a condition of a product that renders it unsafe for reasonably foreseeable use and consumption." Ark. Code Ann. § 16-116-202(2). While it was foreseeable that the grinder would be used to grind asbestos-containing brakes, releasing asbestos fibers into the air, such use did not render the grinder itself unsafe. Taking the facts in the light most favorable to Thomas, the brake pads, not the grinder, were unsafe. Their combination with the grinder did not make the grinder unsafe. The dangers of a brake grinder are, presumably, the loss of fingers, mechanical malfunctions, and similar harms. Hennessy's product did not cause Thomas's mesothelioma any more than matches cause the damage done by dynamite. Bell v. Arvin Meritor, Inc. , 2013 WL 9796526, at *1 n.1. Because the brake grinder could not have caused Thomas's *802 mesothelioma, Hennessy is entitled to summary judgment.
For these reasons, defendant Hennessy's motion for summary judgment [Doc. No. 232] is granted, and Hennessy is dismissed.
IT IS SO ORDERED this 11th day of December 2018.